## 53141. BROWN v. TRAVELERS INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

This is an appeal from an order of the superior court which affirmed an award of the State Board of Workmen's Compensation denying compensation benefits.

The controlling issue in this case is whether the claimant was subject to the provisions of the Workmen's Compensation Act of Georgia. Code § 114-411 provides: for a claimant to recover under the Georgia Act there must have been (1) a contract of employment entered into in this state and (2) the employer's place of business must have been in this state or the claimant must be a resident of Georgia. The claimant is a Georgia resident; therefore the question to be decided is whether the contract of employment was made in this state.

The claimant contends that it was necessary for him to take a driver's test and physical before he could legally drive a truck for the employer. He argues that because the road test and physical were taken in Georgia the contract of employment was made in Georgia and not Tennessee. With this contention we cannot agree. Assuming the road

test and physical were taken in Georgia, there is evidence in the record which supports a finding that the contract of employment was in fact consummated in Tennessee prior to the taking of the physical and road test.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED JANUARY 24, 1977.

*Mitchell, Mitchell, Coppedge, Boyett & Wester, James H. Bisson, III, Warren N. Coppedge, Jr.,* for appellant.

*B. A. Bladen,* for appellees.